IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KAREEMAH YASMINA          )
BELL-BOSTON,              )
                         )
          Plaintiff,      )
                         )
     v.                   )          No. 1:09cv1014 (AJT/IDD)
                         )
CRIME VICTIMS COMPENSATION )
PROGRAM,                  )
                         )
          Defendant.      )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Kareemah Yasmina Bell-Boston's *pro se*

Complaint and Application to Proceed Without Prepayment of Fees and Affidavit. The Court

will grant Plaintiff's Application to Proceed Without Prepayment of Fees, but the Complaint will

be dismissed.

The Court has reviewed Plaintiff's Complaint, keeping in mind that complaints filed by

*pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *see also Khozam v. LSAA, Inc.*, Slip Copy, 2007 WL

2932817 at *3 (W.D. N.C. 2007). Notwithstanding this generally liberal approach, even *pro se*

plaintiffs must comply with the pleading requirements set forth in the Federal Rules of Civil

Procedure. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002). Rule 8(a) of the

Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of

the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim

showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).

The Complaint does not contain any allegations regarding this Court's jurisdiction. Unlike state courts of general jurisdiction, federal district courts have limited jurisdiction as set forth generally at 28 U.S.C. §§ 1331 and 1332. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. A federal district court also has jurisdiction in civil actins where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Here, the facts alleged in Plaintiff's Complaint do not appear to raise a federal question, and Plaintiff does not state a statutory or other basis for federal court jurisdiction. Most of the allegations in the Complaint relate to alleged assaults, matters that are not governed by federal law, or to individuals not named as Defendants in this action. Although the Complaint seeks a trail date "asking a jury to decide whether in fact, American consider my very unique situation discrimination," Compl. at 4, Plaintiff does not allege that the named Defendant, the Crime Victims Compensation Program, discriminated against her. Thus, the Complaint does not present a basis for federal question jurisdiction.

The allegations in Plaintiff's Complaint similarly do not give rise to diversity jurisdiction. Plaintiff's address "for mailing purposes only" is in Landover Hills, Maryland, however, the Complaint does not allege that Plaintiff is a citizen of Maryland. In fact, it appears that during many of the incidents alleged in the Complaint, which occurred in the District of Columbia, Plaintiff was residing in the District of Columbia. Furthermore, Plaintiff does not state an amount in controversy or demand any amount of monetary damages.

Plaintiff's Complaint also fails to comply with Rule 8(a)'s requirements that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Plaintiff's Complaint consists of nine pages of allegations describing variety of incidents that have occurred over the past two years. The only Defendant named in the Complaint is the Crime Victims Compensation Program in the District of Columbia. The only incident alleged in the Complaint that relates to this Defendant is the incident alleged to have occurred on October 6, 2008. On October 6, 2008, Plaintiff alleges that she was washing her face in a restroom when she was assaulted by another woman and that the "Superior Court of the District of Columbia/ Crime Victims Compensation located in Washington, DC would not assist with relocation." Compl. at 8. Plaintiff's Complaint does not, however, even when liberally construed, contain any allegations showing that Plaintiff is entitled to relief from or against the Crime Victims Compensation Program in the District of Columbia, and the Complaint does not demand judgment or relief from the Crime Victims Compensation Program. As such, Plaintiff's Complaint fails to state a claim on which relief may be granted and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (where a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted")..

Accordingly, the Complaint presents neither a federal question, nor a basis for diversity jurisdiction and fails to comply with the requirements of Rule 8(a). For these reasons, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction, failure to comply with Rule 8(a), and failure to state a claim on which relief may be granted.

An appropriate Order will issue.

_____
                    /s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
September 10, 2009